2014 UT App 11

**Katherene RICHARDSON, Petitioner and Appellee,**

v.

**Todd RUPPER, Respondent and Appellant.**

**No. 20120642–CA.**

Court of Appeals of Utah.

Jan. 16, 2014.

---

Guy L. Black, for Appellant.

Rosemond G. Blakelock, for Appellee.

Senior Judge RUSSELL W. BENCH authored this Memorandum Decision, in which Judges JAMES Z. DAVIS and STEPHEN L. ROTH concurred.[1]

### Memorandum Decision

BENCH, Senior Judge:

¶ 1 Todd Rupper (Husband) appeals from the district court's denial of his motion to dismiss a protective order. We affirm.

¶ 2 Husband and Katherene Richardson (Wife) married in 1993 and had one child together (Child). In 2003, Wife filed for divorce and petitioned for a protective order against Husband. The district court issued a protective order in April 2003, pursuant to the Cohabitant Abuse Act, *see* Utah Code Ann. §§ 30–6–1 to –14 (Lexis 1998 & Lexis-Nexis Supp.2002) (current version at Utah Code Ann. §§ 78B–7–101 to –116 (LexisNexis 2012)). The protective order granted custody of Child to Wife and prohibited Husband from "directly or indirectly contacting, harassing, telephoning, or otherwise communicating with [Wife], except as provided for in the Divorce Action." Consequently, the type and scope of communication permitted under the protective order was to be defined in the parties' divorce action. The district court's first order in the divorce action (the 2003 Divorce Court Order) stated, "The parties may communicate with each other by telephone, or in writing, notwithstanding the protective order. . . ."

¶ 3 Following the entry of a bifurcated divorce decree in 2004, the district court modified the protective order in 2005 (the 2005 Modified Protective Order). The 2005 Modified Protective Order maintained the restriction on Husband from "directly or indirectly contacting, harassing, telephoning, or otherwise communicating with [Wife], except as provided for in the divorce action." In a minute entry from the hearing to modify the protective order, the commissioner explained that this restriction meant that "the parents can communicate with each other only as to scheduling and exercising visitation." Over the course of the next few years, Husband filed multiple motions to dismiss the protective order, all to no avail. As a result, the 2005 Modified Protective Order remained in effect.

¶ 4 In June 2009, Husband and Wife reached an agreement (the Stipulation) to settle the remaining issues in the divorce action. The Stipulation required Husband and Wife to " 'communicate via email or phone calls' " and explained that " [t]he communication shall be civil and relating only to

1. The Honorable Russell W. Bench, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

the minor child.' " [2] Another provision of the Stipulation stated, " 'On January 1, 2011, the protective order shall be dismissed, provided that there are no violations of the protective order between June 18th [2009] and January 1, 2011.' " (Alteration in original.) Despite the language in the Stipulation limiting the parties' permitted communications to issues relating to Child, Husband sent an email to Wife on June 8, 2010, stating, " 'You have used the [protective order] as a legal weapon for money, power, and control.... [T]his thing broke down over communications and it is impacting all of us.... Drop it.' " [3] Afterward, the Stipulation served as the basis for the district court's final decree of divorce in December 2010 (the 2010 Final Divorce Decree).

¶5 Husband again moved to dismiss the protective order, seeking to enforce the district court's order in the 2010 Final Divorce Decree that the protective order " 'shall be dismissed provided there are no violations of the protective order between June 18, 2009 and January 1, 2011.' " At a hearing before the district court, Husband argued that he had not violated the protective order. Wife opposed Husband's motion, arguing that Husband's June 2010 email asking Wife to drop the protective order was a violation of the 2010 Final Divorce Decree. Husband did not deny having sent the email, but he asserted that it did not violate the protective order because the 2003 Divorce Court Order governed and did not restrict the subject matter of his permitted written and verbal communication with Wife.[4] Husband argued that the agreement in the Stipulation limiting his contact with Wife to issues related to Child was not controlling because the Stipulation was not incorporated into a court order until after he sent the email.

¶6 The district court denied Husband's motion to dismiss the protective order. The court reasoned that the parties' communications were governed by the Stipulation and not the 2003 Divorce Court Order because the Stipulation "was immediately binding upon the parties as a contract, even though not reduced to a signed order until December 2010." The court concluded that Husband was not entitled to a dismissal of the protective order because Husband's June 2010 email to Wife addressed issues unrelated to Child, violated the protective order, and did not comport with the stipulated requirements for dismissal. Husband timely appeals.

¶7 Husband argues on appeal that the district court erred by failing to dismiss the protective order. When reviewing challenges to a district court's decision regarding a protective order under the Cohabitant Abuse Act, the "appellate court is entrusted with ensuring legal accuracy and uniformity and should defer to the trial court on factual matters." *Bailey v. Bayles,* 2002 UT 58, ¶19, 52 P.3d 1158 (citation and internal quotation marks omitted); *see also Snyder v. Snyder,* 2010 UT App 130U, para. 2, 2010 WL 2011588 (per curiam) (citing *Bailey,* 2002 UT 58, ¶19, 52 P.3d 1158).

¶8 Husband asserts that the district court should have granted his motion to dismiss the protective order because the court's decision was based on its erroneous conclusion that his June 2010 email violated the protective order. Husband argues that the 2003 Divorce Court Order limited only the form of his communication with Wife, not its subject matter. He further asserts that the Stipulation's provision that the parties' " 'communication shall be civil and relating only to [Child]' " did not take effect until the court incorporated it into the 2010 Final Divorce Decree, which was filed after his June 2010 email. In response, Wife argues that the Stipulation was effective when signed in June 2009 and thus that the district court properly

---

**2.** Because a copy of the Stipulation is not in the record on appeal, we quote the relevant provisions of the Stipulation as they appear in the order from which Husband appeals.

**3.** A copy of the email is not included in the record on appeal. Our description of the email's content is therefore based on Wife's counsel's reading of it into the record at the hearing on

Husband's motion to dismiss the protective order.

**4.** Initially, Husband argued that his June 2010 email and its context related to Child. The district court was not persuaded by Husband's claim, and Husband does not advance that argument on appeal.

denied Husband's motion to dismiss because Husband violated the protective order with his June 2010 email.

¶ 9 Whether Husband's June 2010 email violates the protective order depends on how the controlling protective order defined the permitted communications between Husband and Wife. If, as Husband contends, the provisions of the 2003 Divorce Court Order remained in place in June 2010, then the controlling protective order limited the parties to written and telephonic communications, and Husband's email would fall within the term permitting written communication.[5] If, as Wife contends, the Stipulation was controlling, then the controlling protective order restricted the parties to communications regarding issues related to Child. In that case, the June 2010 email was outside the scope of the permitted contact because Husband's demand for Wife to drop the protective order was unconnected to Child.

■■■ ¶ 10 When the parties signed the Stipulation in June 2009, it was binding upon Husband and Wife. "A stipulation is construed as a contract," *Coalville City v. Lundgren*, 930 P.2d 1206, 1209 (Utah Ct.App. 1997), and "parties are bound by their stipulations unless relieved therefrom by the court," *Yeargin, Inc. v. Auditing Div. of Utah State Tax Comm'n*, 2001 UT 11, ¶ 19, 20 P.3d 287 (citation and internal quotation marks omitted). As a contract, a valid stipulation is binding even before it is entered by the district court. *See Richlands Irrigation Co. v. Westview Irrigation Co.*, 96 Utah 403, 80 P.2d 458, 467 (1938). The 2005 Modified Protective Order restricted communication "except as provided for in the divorce action." Because the Stipulation was binding, *see id.*, we conclude that the Stipulation qualifies as part of "the divorce action" sufficient to define the scope of permissible communication under the protective order. The Stipulation entered into in June 2009 restricted Husband and Wife's subsequent communica-

tions to emails and phone calls that are " 'civil and relating only to [Child]' " and also provided for conditional dismissal of the protective order—the provision upon which Husband now relies. We agree with the district court that Husband's June 2010 email violated the terms of the Stipulation.

■■■ ¶ 11 Because the Stipulation conditions removal of the protective order on compliance with that order, Husband is not entitled to dismissal of the protective order under the terms of the Stipulation. A party cannot accept the benefits of a contract and reject its burdens. *See Prudential Fed. Sav. & Loan Ass'n v. Hartford Accident & Indem. Co.*, 7 Utah 2d 366, 325 P.2d 899, 903 (1958); *Francisconi v. Hall*, 2008 UT App 166U, para. 18, 2008 WL 1971336. Thus, Husband is not in a position to claim relief under the Stipulation's provision governing the potential dismissal of the protective order. The district court therefore did not err when it denied Husband's motion to dismiss the protective order.

¶ 12 Affirmed.

---

5. We do not have the entire record from the divorce action before us. Husband contends that the 2003 Divorce Court Order remained in effect in the divorce action until December 2010 and provided that "[t]he parties may communicate with each other by telephone, or in writing, notwithstanding the protective order entered in

[the protective order action]." However, the commissioner's minute entry for the 2005 Modified Protective Order suggests that the court in the divorce action already limited Husband and Wife to child-related subjects when it stated, "[T]he parents can communicate with each other only as to scheduling and exercising visitation."